J-E01003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD ALEKSANDR MOROZ | : | |
| | : | |
| Appellee | : | No. 282 MDA 2021 |

Appeal from the Judgment of Sentence Entered February 4, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001515-2019

BEFORE: PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., STABILE, J., KUNSELMAN, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

JUDGMENT ORDER BY KING, J.:          **FILED: AUGUST 11, 2025**

Appellant, the Commonwealth of Pennsylvania, appeals from the judgment of sentence entered in the Centre County Court of Common Pleas, following the guilty pleas of Appellee, Richard Aleksandr Moroz, to driving under the influence—high rate of alcohol ("DUI"), careless driving, and general lighting requirements.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On July 12, 2019, police arrested Appellee for DUI, and the Commonwealth charged him with various offenses at docket number 1516 of 2019.  On August 5, 2019, police arrested Appellee for a second DUI, and the Commonwealth charged him with various offenses at docket number 1515 of 2019.  On

_____

[1] 75 Pa.C.S.A. §§ 3802(b), 3714, 4303(a).

February 12, 2020, Appellee entered the Accelerated Rehabilitative Disposition ("ARD") program for the charges stemming from the July arrest. That same day, Appellee tendered a negotiated guilty plea for the charges stemming from the August arrest. The parties subsequently disputed the proper sentence for the second incident and whether Appellee's acceptance of ARD should have been recognized as a "prior offense" for purposes of 75 Pa.C.S.A. §§ 3804 and 3806, the recidivist sentencing provisions of the DUI statute. Ultimately, the court sentenced Appellee as a first-time DUI offender for the August 2019 charges. The Commonwealth appealed.

On October 4, 2022, an *en banc* panel of this Court analyzed Sections 3804 and 3806 and held that the trial court erred in sentencing Appellee as a first-time DUI offender. Appellee responded by filing a petition for allowance of appeal with our Supreme Court. On June 27, 2025, our Supreme Court granted the petition and vacated this Court's prior decision. Our Supreme Court also remanded the matter for reconsideration in light of its recent opinion in **Commonwealth v. Shifflett**, ___ Pa. ___, 335 A.3d 1158 (2025).

In **Shifflett**, our Supreme Court held that a defendant's prior acceptance of ARD is a fact that must be submitted to a jury pursuant to the United States Supreme Court's decisions in **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000):

> In sum, because acceptance into an ARD program does not
> offer a defendant any of the constitutional safeguards that

accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in **Apprendi** and **Alleyne** was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in **Apprendi** and **Alleyne**. Thus, an individual's previous acceptance of ARD, which, when construed as a prior offense under Section 3806 to increase the penalty for a subsequent conviction pursuant to Section 3804, is a fact that must be submitted to a jury and proven beyond a reasonable doubt.

**Shifflett, supra** at ___, 335 A.3d at 1175.

Based upon the express holding in **Shifflett**, we cannot say that the trial court erred in sentencing Appellee as a first-time DUI offender. Contrary to the Commonwealth's argument on appeal, our Supreme Court has expressly determined that an individual's previous acceptance of ARD is a fact that must be proven beyond a reasonable doubt for enhanced statutory penalties to apply. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge McCaffery did not participate in the consideration or decision of this case.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/11/2025

- 3 -